## CHAS. S. STEPHENS, Admr., v. MRS. ALICE MASON.

Eastern Section.   October 31, 1925.

No petition for Certiorari was filed.

1. **Redemption. No right of redemption in administrator's sale to pay debts.**
   The right of redemption does not exist in case of sale made in administration suits made for the payment of decedent's debts.

2. **Appeal and error. Appeal will lie only from final decree.**
   In an appeal from a decree and settlement of an estate where error was assigned because court would not grant an appeal from order to sell

real estate, held that the order was not a final decree and the county court is without jurisdiction to grant an appeal except from a final decree.

3. **Evidence.** **Where evidence confused court justified in recalling witness to ascertain the truth.**

In an action to charge a widow with certain bonds belonging to her husband where it was discovered her answers in the first deposition were confusing and ambiguous, held the chairman of the county court acted properly in having her recalled to ascertain the truth.

4. **Appeal and error.** **Appellate court will not disturb finding of clerk and court in an equity case if any material evidence to support it.**

In an action to set aside decree of county court allowing certain funeral expense, held there was evidence to support the finding and the rule is that if there is any material evidence to sustain the concurrent findings of the clerk and court it is the duty of appellate court to affirm.

5. **Executors and Administrators.** **Widow held entitled to funeral expenses advanced.**

In an action to set aside a decree allowing the demand of widow for funeral expenses she had paid where the widow had paid the bill and had the same assigned to her held allowance was proper.

6. **Executors and administrators.** **Claim for monument sold before death of testator held valid.**

Where testator had bought a monument for his grave before his death for $200 and it was not delivered until after his death, held that although estate was insolvent this was a valid contract and a just claim against the estate.

7. **Executors and administrators.** **Rents held properly applied to payment of debts.**

Where court appointed a receiver to rent real estate and collect rent and apply it to debts of estate, held chancellor not in error in applying the rents to testator's debts.

8. **Executors and administrators.** **Administrator's fee of $150 held reasonable.**

Evidence held to show fee of $150 allowed administrator was proper and reasonable.

Appeal from Chancery Court, Hamblen County; Hon. J. H. Wallace Chancellor.

Affirmed and remanded.

John King, of Morristown, for appellant.

C. S. Stephens and W. N. Hickey, of Morristown, for appellee.

OWEN, J. The complainant filed an insolvency bill in the county court of Hamblen county. The complainant is the administrator of Robinson Mason, deceased.

The defendants are the widow and nephews and nieces and their descendants of said Robinson Mason. It appears that Robinson Mason died intestate. He left a widow but he had no children, no brothers or sisters, and no father or mother living. He owned eight small pieces of real estate, six of which were improved with small tenant houses and two unimproved lots, all situated in Morristown, Tennessee. At the time of Robinson Mason's death, which was

August 21, 1922, besides the real estate mentioned he had $589.45 deposited in one of the banks of Morristown, $75 in cash in his home and two Liberty Bonds, one bond for $100 and one bond for $50, and certain household and kitchen furniture, which apparently was exempt. Commissioners were appointed and they set apart to Mrs. Mason the cash in the bank and the two Liberty Bonds as a year's support. It appears that no one knew anything about the $75 in cash in the home until after the year's support was set aside and this litigation was instituted. Complainant's bill was sustained as an insolvency proceeding, homestead and dower was set apart to Mrs. Mason, the widow.

A reference was had to the clerk to ascertain and report what assets Robinson Mason died seized and possessed of; second, what personal assets came into the hands of his administrator; third, what bona-fide debts and charges against said estate remained outstanding and unpaid; forth, whether the widow had collected any rent from the real estate of her husband, and if so how much.

It appears that certain creditors had filed claims against the administrator, being alleged debts of said Robinson Mason. The clerk reported on all these matters of reference. The clerk reported that all the personal estate had been given to the widow as her year's support, that the estate was insolvent. He reported that there was due the widow $553.90 for the burial expenses of Robinson Mason. It appears that the undertaker, Clay W. Hall, had transferred his account to the widow as she had paid him out of her year's support. The clerk also reported that the deceased had made a contract with C. P. Rowe for a monument or tombstone to cost $200, the said Rowe's claim constituting a just debt against the estate. The clerk reported that Mrs. Mason had collected $472 as rents, which she had paid to the receiver in this cause. It appears that during this litigation a receiver was appointed to take charge of the real estate, rent it out, collect the rents, etc. This report was excepted to by the defendant, the heirs-at-law of Robinson Mason, but all exceptions were overruled except Mrs. Mason was charged with the $75, the cash on hand at the time of her husband's death. Otherwise, the report of the clerk was in all things confirmed.

The defendants excepted to the decree confirming the report and prayed an appeal to this court from said decree. The court refused an appeal at that time and ordered a sufficient amount of the real estate sold by the clerk to pay the debts of the deceased. Four pieces of realty were sold, realizing the sum of $————. The sale of the clerk was confirmed, title was divested out of the widow and heirs and vested in the purchasers. The court allowed the administrator a fee of $150 for his services, and John R. King, Esq., a fee of $50 as guardian ad litem. The land was sold upon the terms one-third

cash, balance one and two years, with secured notes and lien retained for unpaid purchase money. Exceptions were made to this decree by the defendants and especially to the amount allowed the administrator and the guardian ad litem and in making the sale in bar of equity of redemption. The defendants prayed an appeal from the final decree, which appeal was granted. They have perfected the same and have assigned eleven errors in this court.

By the first error it is insisted that the proof shows that the deceased had two $100 Liberty Bonds and one $50 Liberty Bond, and the complainant as administrator should be charged with a Liberty Bond amounting to $100. The second error is that the court erred in recommitting on re-reference the cause to the clerk to hear further proof as to the number of Liberty Bonds the deceased owned at the time of his death. The third assignment insists that the account of Clay W. Hall assigned to the widow for the burial of the deceased is exhorbitant and a large portion of the same should not be allowed. The fourth assignment is that the court erred in allowing the claim of C. P. Rowe to the amount of $200 for a monument for the deceased. By the fifth assignment it is insisted that the widow should be charged $134.50 more than she was charged for rents collected. The sixth assignment complains of the court allowing interest on the funeral expenses. The seventh assignment complains of the court refusing an appeal at the time he entered the interlocutory decree ordering a sale. The eighth assignment is in substance the same as the seventh. The ninth assignment is that the court should not have barred the equity of redemption unless it had ordered the land to have been sold on credit of not less than six months. The tenth assignment complains of the court in directing the monies collected by the receiver as rents to be applied to the payment of debts and costs. It is insisted that this fund belongs to the heirs. The eleventh assignment complains of the court decreeing that Rowe's claim for a monument was a proper matter charged against the estate. The twelfth assignment complains of the fees allowed the administrator and the guardian ad litem. It insists these fees are too high. We have practically here the concurrent findings of the clerk and the judge. This case was tried in the county court of Hamblen county, but the rulers governing cases in courts of equity prevail. The county court had jurisdiction of this estate and it had a right to sell the lands of the decedent upon the terms mentioned in the decree. The right of redemption does not exist in case of sale made in administration suits made for the payment of decedents debts. Love v. Williams, 2 Lea, 226; Maxwell v. Smith, 86 Tenn., 541, and the assignment of error in regard to the right of redemption is overruled.

As to the right of defendants to appeal upon the confirmation of the clerk's report this was not a final decree and the county court is without jurisdiction to grant an appeal except from a final decree. See sec. 4889, Shannon's Code; Burton v. Woods 16 Lea, 260, and the assignment alleging error in appeal before final decree. As to the Liberty Bonds complained of by assignments one and two we find that the deceased only had two Liberty Bonds, one for $100 and the other for $50. Mrs. Mason in testifying in regard to the Liberty Bonds was not very specific in her deposition. She said her husband had two $100 bonds and one $50 bond. Upon being recalled she showed that she meant her husband had two bonds, one $100 bond and one $50 bond. And we find it is a fact that the deceased only had two bonds. The chairman of the county court acted properly in having the witness recalled to ascertain the truth of the matter when it was discovered that her answer in the first deposition was confusing and ambigious. The first and second assignments are overruled.

The next errors complain of the account of Chas. W. Hall and in allowing the widow interest on said account. There is a concurrent finding of the clerk and court upon this item as to the funeral expenses. Mr. Mason's request was that his body be sent to Richmond, Missouri, to be buried by the side of his first wife. He had formerly lived in this town or village. Mrs. Mason, the defendant, is to be commended for undertaking to carry out her husband's wishes. She was too feeble to go with the body to Richmond, Missouri. She tried to get her pastor, Dr. E. F. Wright, pastor of the Baptist Church at Morristown, to go but he had to decline as he could not make the journey, so she induced the undertaker, Mr. Clay Hall. All the proof shows that all the charges Mr. Hall made were reasonable and there is no dispute as to any of the charges being exhorbitant, except one witness testified that he thought the casket for which Hall charged $265 could have been sold for $200. The rule is that if there is any material evidence to sustain the concurrent findings of the clerk and court it is the duty of this court to affirm. So we find material evidence sustaining the Hall account which the widow had paid. The question of interest appealed to the sound discretion of the trial court. This widow paid off this debt out of her year's support and we think it is proper for her to have interest on the sum paid. These assignments of error are overruled. We do not find the Hall's bill for funeral expenses was exhorbitant. In Gooch v. Beasley, 137 Tenn., 407. Mr. Justice Neil speaking for the court said:

"If strict necessity (speaking of funeral expenses) were the rule, under no circumstances to be departed from, then, indeed, would it result that in every case the lowest cost for af-

fecting the interment would have to be sought among available undertakers, without regard to the extent or character of the estate, to the scandal and outrage of the public sense of decency."

As to the assignment that Mrs. Mason should be charged $134 more than she was charged for rents she collected the clerk reported that she had paid over $472.25, and that she had paid certain taxes and repairs. There is evidence to sustain the report of the clerk, which was confirmed by the court. There is no assignment that there is no evidence to sustain this finding as to rents.

The rule is well settled that the concurrent finding of the master and chancellor, where there are exceptions as to matters of fact, on a reference, in this case the clerk and county chairman, are conclusive and will not be disturbed if there is any evidence—any material evidence—to support the same. And the assignment of error in this court, on a review of the facts is dought, must be that there is no evidence—no material evidence—to support this concurrent finding. And for a stronger reason, if there are no exceptions to a report upon the matters of fact, the assignment in this court must be, as before, that there is no evidence—no material evidence—to support the findings of the fact. The report of the clerk concurred in by the court, says Mr. Gibson, and by numerous decisions of our Supreme Court, has the same weight upon questions of fact as to the verdict of a jury. Gibson's Suits in Chancery (Rev. Ed.), sec. 620; Hicks v. Porter, 6 Pick., 1; Fitzsimmon v. Johnson, 6 Pick., 416; Dollman v. Collier, 8 Pick., 660.

In sub-section 1302, Gibsons Suits in Chancery (Rev. Ed.), it is said: "The appellate court will not reverse a decree as to facts found by the master on a proper reference when his finding is confirmed without exception or concurred in by the chancellor on exceptions," citing Turley v. Turley, 1 Pick., 251; Allen & Hill's Exec. v. Shankds, 6 Pick., 359.

Other authorities are: Whitaker v. Poston, 120 Tenn., 207; Gleason v. Prudential Fire Ins. Co., 127 Tenn. (19 Cates), 8; Hicks v. Porter, 90 Tenn., 1; Banks v. Motley, 92 Tenn., 310.

It results that these assignments are overruled and disallowed.

The next attack made upon the decree is in regard to the claim of Rowe for the monument. This being an insolvent estate we are of the opinion that the administrator would not have the right to purchase the monument Rowe seeks to charge to the estate. However, petitioner Rowe claims to have sold this monument to the deceased a few weeks before the deceased's death. There was an exception to Mr. Rowe's testimony and we are of the opinion that the conversation between Rowe and the deceased was incompetent and this part of Rowe's testimony should have been excluded. However,

Mrs. Mason testified that her husband told her two weeks before he died that he had selected a monument, telling her what kind it was and that Mr. Rowe did not have time to finish it up right then. Another witness, D. W. Hanks, testified that he worked for petitioner Rowe and that Mason told him he was going to purchase a double stone from Rowe, and that after having this conversation with deceased Mr. Rowe ordered a double tombstone which Rowe placed in his shop and it was known as the Robinson Mason stone. The decree of the chairman was that Rowe could not collect his $200 until he placed the stone at the grave of the deceased. Rowe stated that the contract required petitioner to pay freight to Richmond, Missouri, and Mrs. Mason testified that she had some friends at Richmond who would haul the stone to the cemetery and place it properly at the grave of her husband and his first wife. We are of the opinion that there is material evidence to sustain Mr. Rowe's claim without looking to his deposition insofar as it relates to any conversation with the deceased, and this assignment of error is overruled.

It is next insisted that the chancellor was in error in decreeing that the amount realized on rents should be applied to the debts of the intestate, that these rents should be paid over to the heirs-at-law. None of these rents were ever received or collected by the heirs-at-law. It has been held that the rents and profits received by the heir could not be recovered by the creditor of the ancestor by a proceeding under our Acts of 1784 Chapter XI or otherwise. The heirs takes the rents for himself, discharged of any liability, to be appropriated for the debts of his ancestor. Combs v. Young, 4 Yerg., 218.

This is not a suit to make the heir account for the rents. In the final determination the heirs in the instant case save the fee of their ancestor's lands after the debts are paid, subject to the homestead and dower rights of the widow. It appears by applying the rents two parcels of land will be saved for the heirs, and we are of the opinion that the chancellor was not in error in applying the rents received by the widow prior to the payment of the intestate's debts, and this assignment of error is overruled.

The next complainant is in regard to the fee allowed to the administrator and guardian ad litem. We think these fees are reasonable. Administrator was not allowed anything as attorney. He acted as his own attorney. The administrator had some difficulty in finding the heirs of the deceased, and after locating them filed the bill in this cause, which was properly sustained. It appears that the administrator has been diligent, has handled the estate properly, and he should be allowed reasonable compensation, which amount the lower court has, in our opinion, fixed. It results that this assignment complaining of the fees is overruled.

All the assignments of error are overruled and disallowed. The judgment of the lower court is in all things affirmed. The cause is to be remanded to the county court of Hamblen county for the purpose of paying out of the proceeds arising from the sale of real estate claims to the parties entitled thereto.

The costs of the appeal will be paid by the appellants and their surety on appeal bond, for which execution will issue. The costs of the lower court will be paid as decreed by said court.

Heiskell and Senter, JJ., concur.